

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2005

# Ruano-Orellano v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2306

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ruano-Orellano v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1293.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1293

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-2306

_____

BYRON ADELSO RUANO-ORELLANO,
*Petitioner*

v.

ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of Order of the
Board of Immigration Appeals
(Board No.  A76-283-765)

_____

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2005
Before: ROTH, FUENTES and BECKER, *Circuit Judges*

(Filed: April 29, 2005)

_____

OPINION OF THE COURT

_____

BECKER, *Circuit Judge.*

Byron A. Ruano-Orellano petitions for review of a final order of deportation filed

by the Board of Immigration Appeals ("BIA") in which the BIA adopted and affirmed the Immigration Judge's ("IJ") denial of Ruano's motion to reopen his deportation proceedings. What is at issue is whether the IJ and the BIA abused their discretion in denying Ruano's motion to reopen his in absentia removal order because Ruano failed to establish that he did not receive proper notice of his master calendar hearing. The parties are fully familiar with the background facts and procedural history, hence we need not set them forth, and limit our discussion to our *ratio decidendi.* For the reasons that follow, we will deny the petition.

The motion to reopen was filed with the IJ on April 3, 2003, over five years after Ruano was ordered deported. In the motion, Ruano claimed that his attorney had not received the notice of the August 21, 1997 hearing. He attached to the motion copies of the envelope and accompanying certified mail and return-receipt labels in which the notice of the August 21, 1997 hearing was sent to his counsel. In denying the motion, the IJ found that neither Ruano nor his former counsel, Jaime Castiblanco, actually denied receiving the notice of the hearing. He wrote:

> Notice of the new hearing was . . . mailed to both Ruano and Castiblanco by certified mail on July 24, 1997. The notice to Castiblanco was returned to the immigration court for insufficient postage. The additional postage was added on August 5, and the letter was re-mailed to Castiblanco. Thereafer, the letter was <u>not</u> returned as undeliverable.

> Without explaining the July 22, 1997-postmark on the envelope . . . Ruano's new attorney suggests that the hearing notice was first mailed to Castiblanco on August 5, then returned for insufficient postage but never re-mailed. A better interpretation of the evidence is that the postal meter

2

date-stamp, July 22, was incorrect and the hearing notice was actually mailed on July 24 and then re-served with the additional postage on August 5. Moreover, attorney Catiblanco does not deny receiving the hearing notice.

Additionally, the IJ pointed out that Ruano had not specifically denied receiving the hearing notice, as his motion contains no affidavit or other statement. Opining that "[t]he representations made by Ruano's [current] attorney are not evidence and are not entitled to any evidentiary weight," the IJ concluded that Ruano failed to establish that he did not receive proper notice of the August 21, 1997 hearing. The BIA affirmed.

We review the denial of a motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992) (using the abuse-of-discretion standard "regardless of the underlying basis of the alien's request for relief" to review a denial of a motion to reopen)(*quoting INS v. Abudu*, 485 U.S. 94, 99 n.3 (1988)); *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001). Under that standard, a denial of a motion to reopen will be overturned only if it is "arbitrary, irrational or contrary to law." *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994). We find no abuse.

The parties do not dispute that if an alien, who has received written notice of his deportation hearing, fails to appear, he "shall be ordered removed in absentia if the [INS] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A)(2000), or that "[t]he written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address" provided by the alien in accordance

with the INA.  *Id.*  What is at issue is whether Ruano received notice. An *in absentia*
order may be rescinded:

> (C)(ii) upon a motion to reopen filed at any time if the alien demonstrates
> that the alien did not receive notice in accordance with paragraph (1) or (2)
> of section 1229(a) of this title or the alien demonstrates that the alien was in
> Federal or State custody and the failure to appear was through no fault of
> the alien.

*Id.*

The record, however, supports the IJ's conclusion that the notice of the hearing
was mailed to both Ruano and his attorney.  The record does not contain any statement
from the (former) attorney, Mr. Castiblanco.  Moreover, in the IJ's decision he noted that
Ruano himself had not specifically denied receiving the hearing notice.  Indeed, the
hearing notice reflected that it was sent to both Ruano and his attorney.  In addition, the
record contains a certified mail label bearing Ruano's address.  Thus, the IJ correctly
found that Ruano had failed to establish non-receipt of the hearing notice and properly
denied his motion to reopen.  Ruano's attempt to deflect this evidence by a statement to
the BIA (that he did not received notice of the hearing) fails – the statement is unsworn
and, at all events, essentially implies only that his house was in disarray and that, even if
the notice was delivered, he never saw it.

The petition for review will be denied.

4