

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2006

# Ruano-Orellano v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4876

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ruano-Orellano v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1565.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1565

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-110                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4876
_____

BYRON ADELSO RUANO-ORELLANO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A76 283 765
on April 12, 2004
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2006

BEFORE: SLOVITER, McKEE and FISHER, <u>CIRCUIT JUDGES</u>

(Filed:  February 16, 2006)

_____

OPINION
_____

PER CURIAM

        This petition originated as a habeas petition in the United States District Court for

the District of New Jersey.  The petition sought release from detention and a stay of

removal pending this Court's adjudication of his then-pending petition for review. It also argued that the Board of Immigration Appeals' (BIA's) decision denying his motion to reopen was in error.

Soon after the habeas petition was filed, two significant things occurred. First, this Court denied Ruano-Orellano's petition for review of the BIA's decision denying his motion to reopen. See Ruano-Orellano v. Attorney General, C.A. No. 04-2306 (April 29, 2005) (not precedential opinion). Second, the Congress passed the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). On the Government's motion, the District Court transferred the petition to this Court pursuant to section 106(c) of that act.

To the extent the original habeas petition challenged Ruano-Orellano's order of removal, we would normally treat it as a timely-filed petition for review. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005). However, because we have already decided his petition for review of the BIA's April 12, 2004 decision, we must dismiss the petition for lack of jurisdiction. See 8 U.S.C. § 1252(d)(2) (court may review final order of removal only if another court has not decided validity of order). To the extent he seeks release and a stay of removal pending this Court's adjudication of the petition for review filed at 04-2306, that request is moot.[1]

---

[1] To the extent Ruano-Orellano remains in BICE custody and continues to seek release from detention, such a claim should be presented to the district court in the district in which he is detained. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005) (recognizing that the Real ID Act made petitions for review the exclusive means for

We will therefore dismiss the petition.

---

judicial review of orders of removal, but did not eliminate district court habeas jurisdiction over challenges to detention); 28 U.S.C. § 2241.